IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS J. CHAISSON and LISA M. BULTHAUP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 3:22-CV-00540-K |

## MEMORANDUM OPINION AND ORDER

Before the Court are the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can Be Granted (the "Motion" or the "Motion to Dismiss"), Doc. No. 13, Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can Be Granted (the "Response"), Doc. No. 16, and the United States' Reply to Defendants' Response to Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim for Which Relief Can Be Granted (the "Reply"), Doc. No. 17. Having considered the Motion, the Response, the Reply, the associated briefs and appendices, and the applicable law, and finding that Plaintiffs Dennis J. Chaisson and Lisa M. Bulthaup have not met their burden in establishing subject matter jurisdiction, the Court **GRANTS** the Motion to Dismiss, Doc. No. 13.

1

In their Original Complaint for Refund of Income Tax, Penalties and Interest (the "Complaint"), Doc. No. 1, Dennis J. Chaisson and Lisa M. Bulthaup ("Plaintiffs") allege that "This Court has jurisdiction over this action pursuant to 28 U.S. Code § 1346, because this is a civil action for recovery of taxes, penalties and interest assessed by the IRS." *Id.* at 2. Among other arguments in its Motion to Dismiss, the United States ("Defendant" or the "Government") advances a sovereign immunity defense and contends that this Court "does not have jurisdiction since Plaintiffs failed to fully pay the assessed tax, penalties and interest for the 2018 year." Doc. No. 13-1 at 9.

28 U.S.C. § 1346(a) outlines the United States' limited waiver of sovereign immunity for refund suits:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws . . .

This waiver of sovereign immunity is subject to the additional limitations of 26 U.S.C. §§ 6532, 7422. Defendant cites *Flora v. United States*, 362 U.S. 145 (1960), to stand for the proposition that 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a) require that a plaintiff fully pay the assessed tax, penalties, and interest as a jurisdictional prerequisite to a refund suit in district court. *See* Doc. No. 13-1 at 2, 9-10. Defendant is correct: "In *Flora*, the Supreme Court determined that § 1346(a)'s jurisdictional grant includes

2

a 'full payment requirement,' which demands—as a jurisdictional prerequisite—full payment of the tax or penalty before a party could sue for a refund." *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 981 (Fed. Cir. 2016) (citing *Flora*, 362 U.S. at 177)). In support of its argument, Defendant introduced an Internal Revenue Form 1040 Account Transcript for the tax year ending December 31, 2018 (the "Account Transcript"), which shows that Plaintiffs still owe approximately $75,000. Doc. No. 13-2 at 3-4.

Plaintiffs do not engage with the substance of this aspect of Defendant's jurisdiction argument. Instead, Plaintiffs argue that the Account Transcript is inadmissible hearsay evidence which would be improper for the Court to consider on a Rule 12(b)(1) motion to dismiss. Doc. No. 16 at 5-9, 14-17.

A party may challenge the court's subject matter jurisdiction to hear a case by filing a motion pursuant to Fed. R. Civ. P. 12(b)(1). A court may dismiss a complaint for lack of subject matter jurisdiction based on any one of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A Rule 12(b)(1) motion may be either a facial attack or a factual attack. *See Williamson*, 645 F.2d at 412-13. A Rule 12(b)(1) motion that challenges the court's subject matter jurisdiction solely on the face of the complaint is a facial attack. *See id.*

at 412. "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980); *see Williamson*, 645 F.2d at 412 (when Rule 12(b)(1) motion is facial attack, "the plaintiff is left with safeguards similar to those retained" on a Rule 12(b)(6)). Thus, if the plaintiff has sufficiently alleged jurisdiction, the court must deny the Rule 12(b)(1) motion. *See Patterson v. Rawlings*, 287 F. Supp. 3d 632, 637 (N.D. Tex. 2018) (Fitzwater, J.). A Rule 12(b)(1) motion that attacks the court's subject matter jurisdiction on facts outside the complaint is a factual attack. *See Williamson*, 645 F.2d at 412-13. "A factual attack . . . challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered." *Patterson*, 287 F. Supp. 3d at 637 (internal quotation omitted). In a factual attack, "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Williamson*, 645 F.2d at 413 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1997)). The district court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

The party asserting federal jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *Ramming*, 281 F.3d at 161. Thus, "the plaintiff constantly bears the

burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca*, 613 F.2d at 511). To survive a factual attack on the court's subject matter jurisdiction, the plaintiff "must submit facts through some evidentiary method and . . . prov[e] by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Patterson*, 287 F. Supp. 3d at 638 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

By introducing facts outside of the Complaint, (here, the Account Transcript), Defendant advances a factual attack on the Court's subject matter jurisdiction. Plaintiffs argue, "Given that the Defendant is offering the Account Transcript in an effort to prove the truth of the matters asserted therein in support of the instant Motion to Dismiss, the information within the Account Transcript in inadmissible hearsay." Doc. No. 16 at 8. In a Declaration submitted with the Motion to Dismiss, Stephanie Rakoski—Senior Counsel at the IRS's Dallas Small Business / Self-Employed office—addresses the requirements for the hearsay exceptions under Fed. R. Evid. 803(6) and 803(8). Doc. No. 13-2 at 1-2; *see United States v. Lockett*, 601 F. App'x 325, 327 (5th Cir. 2015) (citing *United States v. Lopez-Moreno*, 420 F.3d 420, 436 (5th Cir. 2005)); *United States v. Goodman*, 527 F. App'x 697, 699 (10th Cir. 2013). Plaintiffs do not show that the Account Transcript or the methods or circumstances of its preparation indicate a lack of trustworthiness. For these reasons, the Court finds that it may consider the Account Transcript under Fed. R. Evid. 803(6) and 803(8).

Plaintiffs do not concede the accuracy of the Account Transcript, though they do not contest its accuracy, either. Doc. No. 16 at 7 ("Plaintiffs do not, at this time, concede the accuracy or completeness of the Account Transcript . . . ."). While Plaintiffs do argue that they "made a substantial payment to the IRS shortly after the missed filing deadline, [and] said payment *may* cover all assessed penalties against the Plaintiffs," Plaintiffs nevertheless fail to sufficiently rebut Defendant's evidence that Plaintiffs have not met *Flora*'s full-payment jurisdictional prerequisite. *Id.* at 17 (emphasis added). As Defendant argues, "The plaintiffs would be the only persons to have evidence of whether they made more payments on their account than shown on the IRS transcript. There is no discovery necessary from the IRS that would show any information other than what is already reflected on the IRS account transcript." Doc. No. 17 at 6.

Thus, based on the arguments and evidence before it, the Court concludes that Plaintiffs have not met their burden in establishing subject matter jurisdiction. The Court therefore **GRANTS** Defendant's Motion to Dismiss. Doc. No. 13.

**SO ORDERED.**

Signed October 11th, 2022.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE